### LOREN BOSWORTH vs. HENRY TROWBRIDGE.

The statute (Gen. Statutes, tit. 16, ch. 10, sec. 2,) provides that when the select-men of a town shall establish a *new pound*, they shall appoint a pound-keeper for it, to hold office until the next annual meeting; another statute providing for the appointment of pound-keepers by towns at their annual meetings. The defendant had been appointed by the town as its pound-keeper for a certain pound. The pound having been damaged, so that it could not be used, the selectmen made another about fifty rods distant. Held not to be a new pound within the meaning of the statute, and that the defendant became keeper of the pound under his previous appointment.

And held that it made no difference that the old pound had been repaired and was in a condition to be used.

The new pound contemplated by the statute is a pound established by the select-men in some part of the town where there was none before, and where no pound-keeper had been appointed at the last annual meeting.

In replevin by the owner of cattle held by the defendant as pound-keeper in the new pound, the court below found in detail certain facts with regard to the establishment of the new pound and the detention by the defendant of the cattle therein, and concluded the finding as follows: "The court finds that said cattle were unlawfully detained by the defendant and that the plaintiff was entitled to the immediate possession of the same." Held to be a conclusion of law from the facts stated, which could be reviewed by this court on a motion in error.

REPLEVIN to recover possession of cattle impounded; brought to the Superior Court in Windham County, and tried to the court on the general issue, with notice, before *Culver, J.* The court made the following finding of facts:—

On the 17th day of June, 1876, the defendant was the lawful pound-keeper of a lawful pound in the town of Eastford;

as such pound-keeper he received into the pound nine cattle, being the property of the plaintiff, having been lawfully brought there by two haywards of the town, who took them from the highway where they were found running at large, having escaped from the plaintiff's enclosure without his knowledge. The cattle were lawfully kept in the pound by the defendant and by him properly cared for until some time during the night of the 22d of June, when by means of some human agency, without the knowledge of the defendant, and without any agency of the plaintiff, direct or indirect, and without his consent, they escaped from the pound into the plaintiff's enclosure. The poundage fees and expense of keeping the cattle were not paid to the defendant nor tendered to him.

The plaintiff was notified of the impounding within twenty-four hours by the haywards; also within an hour after the cattle had escaped the defendant notified the plaintiff that they had been wrongfully let out of the pound.

The cattle were suffered to remain by the plaintiff in his enclosure until the 24th of June, when the defendant by a writ of replevin caused them to be taken out and placed in a new pound which the selectmen of the town caused to be established on that day in the town. The defendant kept them in the new pound until the 10th day of July, 1876, assuming to do so as pound-keeper, but the court finds that he had never been appointed pound-keeper of the new pound, nor had any person been appointed keeper of it; and the defendant claimed the right to hold the cattle in the new pound by the direction of one of the selectmen. The new pound was distant from the old pound about six hundred and fifty feet. The old pound still remained a lawful pound, but when the cattle were let out the gate, hinges and lock belonging thereto were broken, but could have been repaired, and in fact were repaired, in about three hours at a trifling cost.

The plaintiff on the 10th day of July caused the cattle to be replevied, without paying or offering to pay the defendant's poundage fees and expenses for keeping them in the old pound up to the time of their escape, or the expense claimed by the

defendant for keeping them in the new pound, the whole amounting, as claimed by the defendant, to $29.50.

The court finds that the cattle at the time the plaintiff replevied them were unlawfully detained by the defendant, and that the plaintiff was entitled to the immediate possession of the same; and therefore finds the issue in favor of the plaintiff, and that he recover of the defendant one dollar damages and costs.

The defendant brought the case before this court by a motion in error.

*G. W. Phillips* and *H. Johnson*, for the plaintiff in error.

*J. J. Penrose*, for the defendant in error.

CARPENTER, J.   The plaintiff's cattle were lawfully impounded on the 17th day of June, 1876.   During the night of June 21st they were forcibly and unlawfully taken from the pound, and the pound was thereby rendered unfit .for present use.   The selectmen thereupon established what the finding denominates a "new pound," but which was manifestly a mere substitute for the old one.   On the 24th of June the defendant, who was the pound-keeper of the old pound, regained the possession of the cattle, and put them in the newly-established pound, where they were kept until July 10th, when the plaintiff took them by virtue of the writ in this suit, without paying poundage fees or other charges.

Neither the defendant nor any other person was specially appointed pound-keeper of the new pound.

The plaintiff made no claim that the cattle were wrongfully impounded in the first instance, but he did . claim that they were unlawfully detained in the new pound, for the reason that the defendant was not the lawful keeper of that pound; and this claim was sustained by the Superior Court.

This claim is purely technical, and if sustained by this court it must be sustained at the expense of justice.   The court below found that the cattle "were unlawfully detained by the defendant and that the plaintiff was entitled to the

immediate possession of the same." That is a conclusion of law. If the facts stated do not warrant the conclusion the judgment is clearly erroneous. That conclusion rests entirely upon the assumption that the defendant could not lawfully detain the cattle in the new pound, inasmuch as he was not specially appointed keeper of that pound.

The defendant was duly elected a pound-keeper of the town. The place where the cattle were kept was legally established by the selectmen *as a pound.* Therefore the defendant was a lawful pound-keeper and kept the cattle in a lawful pound, and in doing so did not interfere with the official rights and duties of any other person. The precise objection is that the link connecting the lawful pound with a lawful pound-keeper was wanting—that the selectmen did not follow the statute literally and make a formal appointment.

By statute (Gen. Statutes, p. 24, sec. 1,) each town at its annual town meeting is required to elect "a pound-keeper for each pound." On page 254, sec. 1, it is provided that "the selectmen of every town shall erect and maintain a sufficient pound or pounds for the impounding therein of all creatures liable by law to be impounded." The second section is as follows:—"When the selectmen shall establish a new pound, they shall appoint a pound-keeper for it, to hold office until the next annual town meeting."

These statutes were intended for the guidance of plain practical men—men not learned in the law, and not familiar with its technicalities. They are expressed in the most general terms, intentionally leaving much to the discretion and judgment of the men who are to administer them. A substantial compliance with the statutes, following their spirit and accomplishing their object, even though there be not a rigid adherence to the letter, is all that is required. If it can be done consistently with the rules of law they should be so construed as to protect the men who are charged with their execution, and that construction which makes them a trap and a snare in the hands of designing men should be avoided. Bearing in mind these suggestions let us examine the terms of the statutes.

Bosworth *v.* Trowbridge.

It will be noticed that pound-keepers appointed by the selectmen hold their offices temporarily—"until the next annual town meeting." Preference is manifestly given to officers elected by the people. It follows logically from this suggestion, as well as from the general scope and object of the statute, that they should only be appointed by the selectmen when there is a necessity for it. The new pound contemplated by the second section, cited above, is a pound in some part of the town where there was none before, and where no pound-keeper was elected at the last annual town meeting. In such cases, if the pound is to be used before the next annual meeting there is a necessity for an appointment by the selectmen.

If a new pound is established to take the place of one already existing, no matter for what cause, and no matter whether temporarily or permanently, the keeper of the old pound elected by the people may lawfully keep such new pound, and there is no necessity for the appointment of another. Suppose for illustration a pound should be found insufficient for want of capacity, and the selectmen should establish an additional pound. Can there be any doubt that the keeper of the old pound might lawfully keep the new? Suppose again a pound should be destroyed by fire, and the selectmen should establish a new one as a substitute therefor. In such a case what necessity is there for a new appointment? The case before us does not differ in principle from the one supposed. The old pound was temporarily unfit for use. One was needed immediately. The selectmen were to determine what should be done. Instead of repairing they established another pound but a few rods distant. For the time being there was but one pound. It is not for the courts to say whether they acted wisely or unwisely, judiciously or otherwise. Their action in the premises, so long as they acted within the scope of their powers, cannot be reviewed or called in question. The sufficiency or insufficiency of the old pound and the necessity for a new one were questions to be determined solely by the selectmen. The fact therefore that the slight damage was subsequently repaired, so that there were

in fact two separate enclosures used as one pound, is immaterial. If two such enclosures are needed in the same locality, or if from any cause the selectmen establish two, whether needed or not, we see no legal objection to placing them both in charge of one pound-keeper. So that, whether the old pound was or was not repaired at the time the plaintiff replevied the cattle, or, in other words, whether one or two enclosures actually existed at that time, can make no difference with the result. In any event there was nothing in the conduct of the defendant that was positively wrong, nothing that contravened the statute or public policy, and nothing which occasioned the slightest injury to the plaintiff.

Under the circumstances we think that the new pound, as it is called, must be regarded as a substitute for the old one, or, after the old one was repaired, as an addition thereto and a part thereof; and that the defendant was the lawful keeper thereof without an additional appointment.

In holding otherwise we think the court below erred. A new trial must be advised.

In this opinion the other judges concurred.