## J. Paul Bunnell v. Thomas A. Edison. Inc.

Superior Court     New Haven County     File No. 73746

Memorandum filed November 29, 1950

*Winnick, Rice & Murray,* of New Haven, for the Plaintiff.

*Woodhouse, Schofield & Fay* and *Paul M. Palten,* both of Hartford, for the Defendant.

CORNELL, J. The original complaint is dated February 3, 1950, and the action was commenced by service of process on both defendants not later than February 8, 1950. *Young* v. *Margiotta,* 136 Conn. 429, 433. The cause alleged therein was one to recover damages for personal injuries and their attendant consequences resulting from an automobile collision that oc' curred on February 28, 1949. The action was thus begun by plaintiff's decedent while living, within one year from the date when the alleged breach of duty on defendant's part took place. On October 5, 1950, the substituted complaint, which is the subject of demurrer, was filed by the present plaintiff as ad' ministratrix on the allegedly injured person's estate. Therein, it is recited that the intestate died on March 26, 1950, as the proximate result of the injuries negligently inflicted upon him as detailed in the complaint in the suit so previously commenced by him and claiming damages for such death inferentially under the then applicable statute (Cum. Sup. 1939, § 1430e [Rev. 1949, § 8296]) as well as for pain, suffering and expenses of treatment. The demand for damages for the fact of death is thus made in the substituted complaint more than a year follow' ing the date of the accident. The demurrer alleges that the com' plaint is insufficient because "the said action was not instituted within the time limited by the statute which creates such causes of action."

By way of advertence, it may be again noticed that the statute authorizing recovery for death by the wrongful act of another does not "create" a cause of action but merely continues the right to recover damages inhering in the person injured in his personal representative by whom it may be asserted after his death. *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 675; *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 529. The provision in the statute specifying the time during which the cause of action may be exercised is not a statute of limitations applying merely to the period during which the remedy may be asserted by the commencement of suit. It is a condition attach'

ed to the right itself. *DeMartino* v. *Siemon,* supra; see *Baker* v. *Baningoso,* 134 Conn. 382, 385; *Young* v. *Margiotta,* supra, 432.

Interpreting the demurrer to mean that the condition concerning the time within which action for death must be commenced was not met, the contention underlying the demurrer comes to this: The fact of the occurrence of that event involves a distinct cause of action separable from the injuries which caused it. That theory was rejected in graphic language in the very learned opinion of *Prentice, C. J.,* in *Kling* v. *Torello,* 87 Conn. 301, 305: "The right of action which the executor or administrator is permitted to pursue is not one which springs from the death. It is one which comes to the representative by survival. The right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent. . . . When one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death." *Chase* v. *Fitzgerald,* 132 Conn. 461, 467; *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 530.

To recover for a death under the statute, the action must be commenced within a period of one year next following the occurrence of the neglect or fault complained of which inflicted the injuries that caused the fatal consequences. *DeMartino* v. *Siemon,* 90 Conn. 527, 528; and see *Baker* v. *Baningoso,* 134 Conn. 382, 385, where this statement affords the premise of the conclusion reached therein. Where a death is instantaneous or eventualizes on the same day as "the neglect or fault," the period from the date of the death and that of the injuring conduct complained of will necessarily be concurrent. But in instances where the death results more than a year after the infliction of injuries and action to recover for such hurts eventually causing such death is begun within the period of one year following the infliction of the injuries causing the death, the complaint may be amended, or substituted complaint filed, as was done in the instant case, setting up the incident of death. In that case, recovery will be enlarged by the fact of death so subsequently occurring. *Chase* v. *Fitzgerald,* 132 Conn. 461, 467, and *Bunnell* v. *Waterbury Hospital,* 103 Conn. 520, 530. These principles require that the demurrer to the substituted complaint be overruled.

Demurrer overruled.