[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edna Hand, commenced this medical malpractice action on December 19, 1989, against the defendant, Dr. Morris Clark, M.D. The plaintiff alleged that she was injured by the defendant's failure to regulate and monitor her anticoagulant therapy, beginning on or around September 23, 1987. On August 17, 1991, Ms. Hand died and, on November 4, 1991, James Hand, the Executor of her Estate, was substituted as plaintiff. On October 28, 1991, Mr. Hand filed a request for leave to amend the complaint to include a claim for wrongful death as a result of the aforementioned incidents. On November 12, 1991, the defendant filed an objection to the plaintiff's request to amend the complaint, claiming that the wrongful death claim is time barred. Both parties submitted supporting memoranda.
The defendant contends that the plaintiff failed to state CT Page 1269 a cause of action for wrongful death within the three year statute of limitations contained in the Wrongful Death Act and, consequently, the request for leave to amend should be denied. The plaintiff states that its wrongful death claim relates back to the negligence originally complained of at the initiation of this suit and, therefore he should be permitted to amend the complaint
General Statutes Section 52-555 states that:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.
Id.[1]
A right of action for wrongful death "`belongs, in effect, to the decedent, and to the decedent alone . . . [T]he cause of action . . . [authorized by the statute] is a continuance of that which the decedent could have asserted had [she] lived and to which death may be added as an element of damage.'" (Citations omitted.) Anderson v. Steve Snyder Enter., Inc., 196 Conn. 134,149, 491 A.2d 389 (1985).
Connecticut's Supreme Court has held that General Statutes Section 52-555's three year limitation is a jurisdictional prerequisite which cannot be waived and must be met in order to maintain a wrongful death action. See Ecker v. West Hartford,205 Conn. 219, 226, 530 A.2d 1056 (1987). The defendant states that a plaintiff's failure to institute an action for wrongful death within the three year statute of limitations will result in said claim being time barred. However, the question here is whether a wrongful death claim relates back to a related action instituted within three years of the complained of act or omission. CT Page 1270
In Sharp v. Mitchell, 209 Conn. 59, 71-72 (1988), the court stated that:
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand which has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. (Citations omitted.)
Id.
Furthermore, it has long been recognized that:
 If the amendment essentially corrects or amplifies the claim originally presented it is always treated as relating back to the date the action was commenced . . . [and] no statute of limitations problem is presented. But, if the amendment introduces a substantially new claim, the amendment can be regarded as, in effect, a new lawsuit and therefore barred if the statute of limitations governing that claim has expired.
F. James G. Hazard, Civil Procedure Section 5.7 (2d ed.) See also Stephenson, Connecticut Civil Procedure, Section 993 (2d ed.) (stating that "[a] claim for additional damages for the same CT Page 1271 wrong may be added by amendment after expiration of the period of limitations since no new cause of action is being introduced"); Collens v. New Canaan Water Co., 155 Conn. 477 481, 234 A.2d 825
(1967). See also Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239, 429 A.2d 486 (1980) (stating that amendments "`relate back to the date of the complaint unless they allege a new cause of action"'). (Citations omitted.)
Connecticut has specifically held that when one, "as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death." Kling v. Tovello,87 Conn. 301, 306, 87 A. 987 (1913); Chase v. Fitzgerald, 132 Conn. 461,466, 45 A.2d 789 (1946); Ladd v. Douglas Trucking Co., 203 Conn. 187,195, 523 A.2d 1301 (1987).
In Bunnell v. Thomas A. Edison, Inc., 17 Conn. Sup. 467, ___ A.2d ___ (Super.Ct. 1950) the court was presented with a similar scenario. In Bunnell, supra, the complaint was filed February 8, 1950. The action stemmed from a February 28, 1949 automobile collision, and was initiated within one year of the date when the alleged breach of duty on the defendant's part took place. On March 26, 1950, the plaintiff died, allegedly as the proximate result of the injuries negligently inflicted upon him as set forth in the initial, February 8, 1950 complaint. On October 5, 1950 the complaint was amended to include a claim for wrongful death. The defendant demurred to this amended complaint, claiming that such is insufficient because "the said action was not instituted within the time limited by the statute which creates such causes of action." The then existing statute, General Statutes Section 8296 (Rev. 1949), stated that to "recover for a death under the statute, the action must be commenced within a period of one year next following the occurrence of the neglect or fault complained of which inflicted the injuries that caused the fatal consequences." Bunnell, supra, 469. Thus, the plaintiff in Bunnell would have to have filed a wrongful death claim no later than February 28, 1950. However, the Bunnell court acknowledged that a wrongful death claim "does not `create' a cause of action but merely continues the right to recover damages inhering in the person injured in his personal representative by whom it may be asserted after his death." Id., 468 The court stated:
 [W]here the death results more than a year after the infliction of injuries and action to recover for such hurts eventually causing such death is begun within the period of one year following the infliction of the injuries causing CT Page 1272 the death, the complaint may be amended, or substituted complaint filed, as was done in the instant case, setting up the incident of death. In that case recovery will be enlarged by the fact of death so subsequently occurring . . . These principles require that the demurrer to the substituted complaint be overruled. (Citations omitted.)
Id.
In the present matter, the plaintiff alleges that the act or omission which was the subject of the plaintiff's initial negligence action is the same act or omission which resulted in Ms. Hand's death. In applying the standards articulated, supra, to the facts of this case, the plaintiff's wrongful death claim raises a question of fact as to whether the death resulted from the original claim of malpractice. However, for purposes of amending the complaint, the wrongful death action relates back to the filing of the original negligence claim and no statute of limitations problem exists. Additionally, General Statutes Section 52-599 provides that: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of . . . the executor or administrator of the deceased person." See Mahoney v. Lensink 213 Conn. 548, 550
n. 2, 567 A.2d 518 (1990). Therefore, the request for leave to amend is granted and the objection is overruled.
PICKETT, J.