[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 7, 1997
On October 28, 1996, the plaintiff, Christopher Reilly, as administrator of the estate of Brenda Reilly, filed a "Fourth Amended Complaint" against the defendants Curtiss E. Porter, Porter's employer, Urban League, and Walden Leasing Company. The one-count complaint alleges that Porter's motor vehicle negligently struck the plaintiffs decedent's motor vehicle on August 8, 1991, causing the plaintiffs decedent various injuries and subsequent loss of life on June 27, 1996.
Porter and Urban League (the defendants) filed a motion to dismiss on May 16, 1997, claiming that the fourth amended complaint seeking damages for the wrongful death of the plaintiffs decedent pursuant to General Statutes § 52-555 is untimely. The defendants claim the court lacks subject matter jurisdiction. The plaintiffs, in an "Objection To Motion To Dismiss," filed on May 14, 1997, claim that because the original action was brought within the time period of § 52-555, the two-year statute of limitations period was satisfied.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original: internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990).
"[T]here is no civil right of action at common law for CT Page 3162 damages resulting from the death of a human being." Ecker v. WestHartford, 205 Conn. 219, 226, 530 A.2d 1056 (1987). The right is contained in General Statutes § 52-555 (Rev. to 1991), which provides in pertinent part: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault . . . provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of" for injuries sustained prior to October 1, 1991.
The Supreme Court has held that "[w]hen one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death." Kling v. Tovello, 87 Conn. 301, 306,87 A. 987 (1913). "If the injured [person] survives to recovery, he recovers once for all; if he dies before recovery his executor or administrator stands in his place." Id. "[W]here damages for death itself are claimed in an action based on our wrongful death statute, recovery of any ante-mortem damages flowing from the same tort must be had, if at all, in one and the same action."Floyd v. Fruit Industries, Inc., 144 Conn. 659, 669, 136 A.2d 918
(1957).
The plaintiff's claim of wrongful death does not constitute a new cause of action which would fall outside the statute of limitations. The plaintiff alleges that the negligence of the defendants, which was the subject of the plaintiffs initial action, is the same as that which resulted in the plaintiffs decedent's death. The accident giving rise to the plaintiff's decedent's damages is alleged to have occurred on August 8, 1991. The initial complaint was filed on February 11, 1992. Although the fourth amended complaint was filed on October 28, 1996, the wrongful death claim relates back to the original complaint.
Connecticut "generally follows a liberal policy in allowing amendments to complaints." Web Press Services Corporation v. NewLondon Motors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987). Still, a party's freedom to add allegations to a complaint is limited by the relation back doctrine, which provides that "an CT Page 3163 amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . ." (Internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 264, 654 A.2d 748 (1995). Other courts have found that "where the death results [outside the statutory period] after the infliction of injuries and action to recover for such hurts eventually causing such death is begun [within the statutory period] following the infliction of the injuries causing the death, the complaint may be amended . . ." Bunnell v.Thomas A. Edison, Inc., 17 Conn. Sup. 467, 469, A.2d (1950), quoted in Hand v. Clark, Superior Court, judicial district of Litchfield, Docket No. 052022 (February 28, 1992) (Pickett, J.) (6 CONN. L. RPTR. 123, 7 CSCR 372, 373). The court finds that the wrongful death claim made in the present case relates back to the allegations made in the original complaint, and therefore the plaintiff should be allowed to file an amended complaint which contains a wrongful death claim.
The defendant's Motion to Dismiss is denied.
SKOLNICK, J.