[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 16, 1997
The complaint in this action originally brought September 7, 1993 and commenced again by service of process on September 12, 1994 under the accidental failure of suit statute alleges malpractice in failing to diagnose lung cancer to and including March 31, 1992. This action sought damages for inter vivos injury caused by the failure to diagnose lung cancer. The original complaint alleges that the plaintiff "will die" because of the lung cancer. CT Page 8904
On November 27, 1995 the plaintiff died allegedly because of the lung cancer. The plaintiff Marvin Bell, Administrator was substituted as party plaintiff on May 29, 1996. On November 19, 1996 the plaintiff Marvin Price was substituted as administrator, who simultaneously moved to amend the complaint, and filed the proposed complaint to assert a wrongful death claim. The motion was granted on April 5, 1997. On April 5, 1997 the substitute complaint was filed, setting forth a claim for the consequence of wrongful death.
The defendant pleads the Statute of Limitations as concerns the wrongful death claim. General Statutes Section 52-555 states "and except that no such action may be brought more than five years from the date of the act or mission complained of." Public Act 91-238, effective October 1, 1991, provides that the amendment shall apply to injuries first sustained on or after said date." Prior thereto the time limit had been three years from the date of the act or omission complained of.
The act or omission complained of constitutes a course of conduct continuing through March 31, 1992. The substitute complaint was filed with the motion for permission on November 19, 1996, within five years of the date of March 31, 1992. The defendant argues that the date of initial delay in diagnosis and treatment, December 1990, should be the point from which the limitation should run. The court cannot discern, from any factual information, as to whether the death would have been avoided by later diagnosis, to and including March 31, 1992. The court cannot decide questions of this nature in the context of a motion for summary judgment based upon the statute of limitations.
The plaintiff asserts, in opposition to the motion for summary judgment on the basis of the statute of limitations, that the five year limitation period, or the three year limitation period of General Statutes Section 52-555 or its predecessor, is not applicable to a circumstance where an action has been timely commenced for injuries which injuries in the normal course of development result in the death of the plaintiff.
It is unquestioned that where an act or omission takes place at a point in time and no action is commenced for damages until a time beyond that permitted by the statute of limitations an original action for the consequence of death will be barred by the applicable statute of limitations. See Ecker v. WestHartford, 205 Conn. 219 (1987). The fact that the death did not CT Page 8905 take place until after the running of the statute of limitations would not alter that conclusion. Ecker v. West Hartford, supra,
p. 241.
The nature of the injury of wrongful death has been articulated by the Supreme Court. "Under our wrongful death statute the statutory right of action belongs, in effect, to the decedent, and to the decedent alone, and damages are recoverable `for the death as for one of the consequences of the wrong inflicted upon the decedent.'"
"The cause of action authorized by statute is a continuance of that which the decedent could have asserted had she lived and to which death may be added as an element of damage."
Sanderson v. Steve Snyder Enterprises. Inc., 196 Conn. 134,149 (1985).
"In this state the right of action for wrongful death including anti-mortem elements of damage, and the right of action for non-fatal personal injuries rests on substantially the same basis and can be considered together." Overlock v. Ruedemann,147 Conn. 649, 651 (1960).
Lastly, the statute of limitations is a statute of repose, serving the social purpose of the precluding the uncertainty of persons having to labor under perpetual apprehension of litigation to address the consequences of their claimed ancient wrongdoing. Stated otherwise the statutes exist to prevent the assertion of stale claims. As noted herein the plaintiff, in the complaint, filed inter vivos, stated that he will die. There can be no element of surprise or staleness as concerns this wrongful death claim.
The court determines that under the circumstances of this case the defendant's motion for summary judgment cannot be granted.
The motion for summary judgement is denied. See Accord Handv. Clark, 6 CONN. L. RPTR. 123, 1992 Sup. 1258, 7 CSCR 372, No. 0052022, Litchfieid.
SULLIVAN, L., J. CT Page 8906