[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding sounds in medical malpractice. On October 20, 1997, Robert J. Glander died from the defendant Licht's alleged negligent medical care and treatment.[1]
On February 18, 1999, the plaintiff executrix of the decedent's estate, filed a motion for permission to substitute the party plaintiff pursuant to § 52-599 of the General Statutes, which motion was granted by the court. On December 30, 1999, the plaintiff executrix filed a motion for permission to file a second amended complaint to which the defendant now objects on the grounds that the plaintiff is improperly substituting a new cause of action, which is barred by the statute of limitations set forth within § 52-555 of the General Statutes.[2]
He also asserts that the proposed amendment sets forth a different factual predicate from the original complaint.
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. . . . In the interest of justice courts are liberal in permitting amendments. . . ." Eisenbach v.Downey, 45 Conn. 165, 181 (1997). "Nonetheless, a party will not be allowed to amend a complaint by adding a new cause of action. . . ." (Citations omitted; internal quotation marks omitted.) Rowlands v.CT Page 8693Commodore Commons Condo., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063281 (July 8, 1999, Flynn, J.). "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . [B]ut where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . ." (Citations omitted; internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 263-64 (1995).
In the present case, the plaintiff has amended her complaint to include an action for wrongful death and post-mortem loss of consortium. "[A] party's freedom to add allegations to a complaint is limited by the relation back doctrine." Reilly v. Porter, Superior Court, judicial district of Bridgeport, Docket No. 291680 (August 7, 1997, Skolnick, J.) (20 Conn.L.Rptr. 263). "The policy behind . . . [the relation back doctrine] is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." Gurliacciv. Mayer, 218 Conn. 531, 547 (1991).
The wrongful death claim as well as the claim for post-mortem loss of consortium relate back to the allegations made in the original claim; they share the same factual predicate. The negligence alleged by the plaintiff in the initial action is the same as the negligence which resulted in the decedent's death and gave rise to the claim for post-mortem loss of consortium. ""[W]here the death results [outside the statutory period] after the infliction of injuries and action to recover for such hurts eventually causing such death is begun [within the statutory period] following the infliction of the injuries causing the death, the complaint may be amended. . . ." Bunnell v. Thomas A. Edison,Inc., 17 Conn. Sup. 467 (1950), quoted in Hand v. Clark, Superior Court, judicial district of Litchfield, Docket No. 052022 (February 28, 1992, Pickett, J.) (6 Conn. L.Rptr. 123) (7 CSCR 372, 373)." Reilly v. Porter, supra, Superior Court, Docket No. 291680. "When one, as the result of injuries inflicted, suffers during life, and death later results, there are not two independent rights of action. There is but one liability, and that is for all the consequences of the wrongful act including the death." Id. See also Gorke v. LeClerc, 23 Conn. Sup. 256 (1962).
The defendant additionally argues that the attempt to allege new facts creates substantial prejudice. The plaintiff has alleged in her second amended complaint that the defendant failed to properly treat the decedent from 1991 to 1995, a change from the amended complaint wherein plaintiff alleged improper treatment occurred between 1991 and 1993. This seems to be the most significant change. The defendant also asserts that the plaintiff now wishes to allege a new claim for postmortem loss of CT Page 8694 consortium in her second amended complaint. In the amended complaint, the plaintiff had alleged a claim for loss of consortium in the future. Both amendments are derived from the same facts and, therefore, there is no prejudice or surprise to the defendant in defending this action.
The objection to the motion for permission to file an amended complaint is, accordingly, overruled, and the plaintiffs motion for permission to file an amended complaint is granted.
Moraghan, J.