ANGELINE DeMARTINO, ADMINISTRATRIX, *vs.* CARL F. SIEMON.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

The time fixed by a statute for the enforcement of a right of action thereby created, is a limitation or condition which attaches to and forms part of the right of action itself, and therefore is one which must be strictly complied with. Accordingly, an administrator who seeks to recover damages for the negligent killing of his intestate, under the provisions of chapter 193, § 4, of the Public Acts of 1903, must allege in his complaint that the injury occurred within one year next before the commencement of the suit, for otherwise no right of action is stated.

Argued April 14th—decided June 2d, 1916.

ACTION to recover damages for negligently causing the death of the plaintiff's intestate, brought to and tried by the Superior Court in Fairfield County, *Gager, J.*, upon a demurrer to the complaint raising the question of the statute of limitations; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*John C. Chamberlain*, for the appellant (plaintiff).

*Edward K. Nicholson*, for the appellee (defendant).

THAYER, J.   This is an action by an administratrix brought to recover for injuries resulting in the death of her intestate, and caused, as alleged, by the negligence of the defendant.   The injuries are alleged to have been inflicted, and the death to have occurred almost immediately, on October 29th, 1910.   The action was brought by writ dated May 3d, 1915, to the June term, 1915, of the Superior Court in Fairfield County.   A demurrer was filed to the complaint upon the ground, among others, that the action was not commenced within one year from the date of the injury and negligence complained of.   The demurrer was sustained and judgment rendered for the defendant.   The court's action in sustaining the demurrer is assigned as error.

The action is upon a statute.   The cause of action alleged is one created by statute whereby a liability or penalty is imposed upon a person who by his negligence causes the death of another.   The right of action is given to the administrator of the person injured for the benefit of the beneficiaries named in the statute, provided the action is commenced within one year. This is stated in *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 58 Atl. 709, where the history of the statute is given, and we held that a complaint which, like the one now before us, alleged that the defendant's negligence caused the intestate's death more than one year before the commencement of the action, did not state a good cause of action.   The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition

attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone. *The Harrisburg*, 119 U. S. 199, 214, 7 Sup. Ct. 140; *Negaubauer* v. *Great Northern Ry. Co.*, 92 Minn. 184, 185, 99 N. W. 620; *Rodman* v. *Missouri Pacific Ry. Co.*, 65 Kan. 645, 70 Pac. 642; *Hanna* v. *Jeffersonville R. Co.*, 32 Ind. 113; Wood on Limitations (4th Ed.) §§ 9 and 194. Being a limitation upon the right of action it must be strictly complied with. The present case is governed by the decision in *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 58 Atl. 709.

The facts set up in the complaint in excuse of the delay in bringing the action did not enlarge or extend the plaintiff's right of action.

The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.