## HARRY H. BUFORD
*vs.*
## SYLVIA ANTUPIT ET AL.

| Superior Court | Hartford County | File No. 62837 |

MEMORANDUM FILED NOVEMBER 12, 1940.

*Josiah H. Peck,* and *Frederick H. Waterhouse,* of Hartford, for the Plaintiff.

*I. Oscar Levine,* of Hartford, for the Defendants.

QUINLAN, J. By more specific statement the plaintiff added paragraph 6-A to the complaint whereby it appears that the mass of material alleged to have been thrown upon

the plaintiff's land and of which complaint is made, occurred in the latter part of the year 1932 and the early part of 1933. As a consequence of this amendment a demurrer was directed to the prayer for relief for damages, alleging that the right of action which would entitle the plaintiff to money damages did not accrue within six years before the commencement of the action.

In considering the propriety of a demurrer to meet this situation, I draw no distinction between a demurrer based on a statute of limitations addressed to a complaint and one addressed to the prayer for relief. Ordinarily, and particularly in contract matters, a plea of the statute of limitations should be an affirmative one. The defendant calls attention to three cases where the exceptions to the rule make such a plea permissible by demurrer. *O'Connor vs. Waterbury,* 69 Conn. 206, 210; *Hartford & C. W. R. Co. vs. Montague,* 72 id. 687, 692; *Radezky vs. Sargent & Co.,* 77 id. 110.

There are numerous Connecticut cases to the same effect.

Here the complaint makes no attempt to anticipate the statute of limitations.

Neither is it an action on a statute. But obviously it is not one under a contract. It is, however, one at common law and consequently a plea predicated upon the statute of limitations, where the statute has not been anticipated, should be left to an answer by the defendants. *DeMartino vs. Siemon,* 90 Conn. 527, 528.

Should this conclusion be incorrect, there seems to be some substance to the claim that the alleged actions of the defendants are in the nature of a continuing wrong which would entitle the plaintiff to damages for each day's continuance, and would eliminate at the most, such claims for damages as were suffered more than six years prior to the date of the commencement of the action, assuming that is the limitation applicable to this alleged state of facts.

The demurrer is overruled.