[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiff, Lucia Basquin, filed a two-count revised complaint on April 13, 1993 against the defendants, Shop-Rite Supermarkets, Inc. (Shop-Rite) and Risk Services, Inc. (RSI). The plaintiff alleges that she slipped on some grapes while shopping in a Shop-Rite store. The plaintiff alleges that she suffered personal injuries as result of the fall. The plaintiff alleges further that Risk Services, Inc. contacted her concerning an offer of settlement. The plaintiff alleges that she continued to seek treatment for her injuries and was later informed by RSI that her file was closed due to expiration of the statute of limitations.
In count one, the plaintiff alleges that Shop-Rite was negligent in maintaining the area. In count two, the plaintiff alleges that RSI's conduct constituted deceptive insurance practices in violation of CUTPA. The defendants moved to strike counts one and two pursuant to Practice Book 152.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . .to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 1480 170, 544 A.2d 1185 (1988). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions on the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
"A claim that an action is barred by the lapse of a statute of limitations must be pleaded by a special defense." Midstate Electronic Co. v. Nova Electronics,10 Conn. L. Rptr. 349, 353 (November 12, 1993, Fracasse, J.), citing Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993); Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 528, 559 A.2d 712 (1989); Practice Book 164.
There are two narrow situations, however, in which a motion to strike may be used to raise the defense of statute of limitations. Forbes v. Ballaro, supra, 239. "the first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.'" Id., quoting Vilcinskas v. Sears, Roebuck 
Co., 144 Conn. 170, 171-71, 127 A.2d 814 (1956). The second situation "is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced . . . .'" Forbes v. Ballaro, supra, 239-40, quoting DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765 (1916).
In the present case, the defendants move to strike count one on the ground that the cause of action is barred by the statute of limitations. There is no evidence that the parties have agreed that the complaint sets forth all the facts necessary to determine whether the statute of limitations defense is applicable. Furthermore, the cause of action alleged in count one is a common law cause of action. Neither of the exceptions is present, therefore, the defendants must specially plead the statute of limitations as a special defense. They have failed to do so. Accordingly, the motion to strike count one is denied.
The defendants move to strike count two on the CT Page 1481 ground that the plaintiff has failed to allege more than a single act of insurance misconduct, which is required to sustain a cause of action under CUTPA. The plaintiff argues that count two is sufficient because CUTPA may apply to a single act.
A plaintiff may "state a cause of action under CUTPA for a violation of CUIPA. . . ." Mead v. Burns,199 Conn. 651, 663, 509 A.2d 11 (1986). "[F]or a plaintiff to allege CUIPA and CUTPA violations successfully the plaintiff must allege more than a singular failure to settle a plaintiff's claim fairly. The plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 672, 613 A.2d 838
(1992).
In the present case, the plaintiff has not alleged that the defendant RSI's conduct constituted a "general business practice." Furthermore, the plaintiff has not alleged sufficient facts to show that the defendant RSI's conduct consisted of more than a singular failure to settle the plaintiff's claim fairly. For the foregoing reasons, the defendants' motion to strike count two is granted.
PICKETT, J.