[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Suit was brought against the defendant bank after the plaintiffs were unable to purchase property due to the alleged actions of an agent or apparent agent of the bank. A motion to strike the second and fourth counts has been filed. CT Page 111-M
 A
The allegations as set forth in this complaint are confusing. The first count makes a claim of tortious interference. The 15th and 16th counts of the complaint seem to assert that a certain individual who was an employee of the bank and was acting within the scope of his authority as an agent of the bank engaged in certain activity which the plaintiff alleges constituted tortious interference.
Then the second count which is the subject of the motion to strike is pleaded which is entitled "Apparent Agency." There is no cause of action entitled "Apparent Agency"; what the second count really alleges against the defendant is "tortious interference" but bases the claim against the defendant bank not on the fact that the person whose actions constituted tortious interference was an agent of the bank in engaging in that activity which constituted the tort but that under the doctrine of CT Page 111-N apparent authority the bank would still be liable for this person's tortious activity. What makes all this confusing is the fact that the first paragraph of the second count incorporates all of the paragraphs of the first count where a direct agency theory is asserted.
This apparently repetitious and duplicitous pleading should have been addressed by a request to revise not a motion to strike. The plaintiff is correct in asserting that the second count standing alone is legally sufficient. The court cannot go beyond the ambit of the motion to strike to on its own reform the pleadings.
In certain limited circumstances a court can permit an alteration on the sequence of pleadings set forth in § 112, see § 113 of the Practice Book and cf Sabino v. Ruffolo,19 Conn. App. 402, 404. But the party desiring to do this must secure the permission of the court.
 B
The defendant bank has also moved to strike the CUTPA CT Page 111-O count on a statute of limitations defense. A claim under CUTPA is a statutory cause of action and it has been held that in such a case a defendant can raise such a defense by a motion to strike. Vernier v. Petrie, 3 Conn. L. Rptr 37 (1990), cf DeMartino v. Siemon, 90 Conn. 527, 528-529
(1916), Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993).
Reviewing the complaint and its alleged facts most favorably to the plaintiff as is necessary, Amodio v.Cunningham, Conn. 80 (1980), the conduct complained of in the CUTPA count occurred during or before December 1989 and the claim would be barred under the three-year CUTPA statute of limitation.
(a)
The plaintiffs seek to avoid the motion to strike by relying on the fraudulent concealment statute Section 52-295
C.G.S.A. They assert the "allegations contained in the plaintiff's complaint and reasonably inferred therefrom establish a unique pattern of fraudulent concealment." I CT Page 111-P agree with the plaintiffs that Fichera v. Mine HillCorporation, 207 Conn. 204, 215-216 (1988) did not hold that the fraudulent concealment statute is never applicable to statute of limitations issues in the CUTPA context. It seems to hold that the so-called "self-concealing fraud doctrine" of Bailey v. Glover, 88 U.S. 342 (1974) should not apply to statute of limitations defenses against CUTPA claims and suggests that "some affirmative misconduct by the defendants designed to prevent discovery" of the wrong must be shown, 207 Conn. 204, 215-216 at n. 5.
I agree with the plaintiffs that they should be permitted an opportunity to prove facts at trial which may properly toll the statute of limitations. I also agree as previously indicated that Fichera is not an absolute bar to a fraudulent concealment claim but I believe that the plaintiffs should allege in the complaint facts which avoidFichera's limitation on the applicability of this claim in a CUTPA context.
(b) CT Page 111-Q
The plaintiffs could resort to traditional theories even in the CUTPA context to argue that the statute of limitations should be tolled, Fichera v. Mine HillCorporation, supra at pp. 209-213, but "To support a finding of a `continuous course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto" id. page 209. There must be evidence of a special relationship giving rise to a continuing duty or later wrongful conduct of a defendant related to a prior act, id. p. 210.
I don't see in this complaint any allegation of such a prior act or sufficient allegations of a fiduciary relationship between the bank and the plaintiff. If those factors were alleged I believe granting the motion to strike would be inappropriate.
They are not, however, so the motion is granted as to the fourth (CUTPA) count but denied as to the second count. CT Page 111-R
Corradino, J.