[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO STRIKE
CT Page 5195
In this action brought to recover unpaid rent, the plaintiff moves to strike the Third Count of the Amended Counterclaim.[1]
The plaintiff claims that the third count, which alleges a CUTPA action, is barred by the statute of limitations.
In considering this motion to strike, the court construes the allegations of the CUTPA count in a light most favorable to the defendant claimant, and does not consider matters outside of the pleadings. Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980).
Allegations of CUTPA Count
In Count Three of the Counterclaim, the defendant alleges that in May 1991 the plaintiff and defendant negotiated the subject lease, and, in June 1991, the lease was executed and the defendant began rewiring, painting and carpeting the premises. In August 1991, the defendant received a report that the presence of asbestos in the air stream made the premises unacceptable for occupancy. After notifying the plaintiff of this breach and offering to amend the lease to provide for asbestos abatement, the defendant learned that CLP had discontinued electrical power to the premises because of the plaintiff's failure to pay its bill. On September 30, 1991, the defendant terminated the lease. The CUTPA count incorporates the willful or intentional misrepresentation action of the Second Count that is based on the above factual allegations. Specifically, the defendant alleges that the plaintiff's actions in misrepresenting and concealing the asbestos condition of the premises, the air quality of the premises and the emission of materials and substances emitted into the premises violated C.G.S. § 42-110a, et seq. The defendant alleges losses of $150,000 as its expenses in preparing the premises for occupancy.
Discussion
Under P. B. § 152, a party may move to strike a pleading or portion thereof which is legally insufficient. Ferryman v.Groton, 212 Conn. 138, 142 (1989). At first blush, this motion does not appear to contest the legal sufficiency of the CUTPA count but rather the fact that it is time barred. Normally, a statute of limitations would be raised as an affirmative defense. P.B. § 164; Mac's Car City v. DeNigris, 18 Conn. App. 525,528, cert. denied 212 Conn. 807 (1989). However, if the statute CT Page 5196 of limitations is jurisdictional rather than procedural, a motion to strike would be appropriate. Forbes v. Ballaro, 31 Conn. App. 235,239-240 (1993).
 In two limited situations, however we will allow the use of a motion to strike to raise the defense of the statute of limitations . . . The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of liability itself as created, and not of the remedy alone." DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765 (1916).
Forbes, 31 Conn. App. At 239-240.[2]
Our Supreme Court has told us that the Connecticut Unfair Trade Practice Act does not have its roots in common law, but rather in the Federal Trade Commission Act. Associated InvestmentCo. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148,156-161 (1994). Within the CUTPA statutory scheme is a statute of limitation, C.G.S. § 42-110g(f). "Where . . . a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter . . . . it is considered substantive or jurisdictional." Travelers Indemnity v. Rubin, 209 Conn. 437, 446
(1988). Accordingly, this issue falls within the second exception noted in the Forbes case and is properly before the court in a § 152 motion contesting the legal sufficiency of the alleged CUTPA cause of action.
There is no allegation that any of the plaintiff's acts or omissions occurred after September 30, 1991, nor is there an allegation of any continuing course of conduct or concealment after that date. C.G.S. § 42-110g(f) provides as follows:
 An action under this section may not be brought more than three years after the occurrence of a violation of this chapter.
The original counterclaim alleging this count was filed on October 19, 1995, more than four years after the last alleged act or omission of the plaintiff. C.G.S. § 42-110g(f) begins the limitation period upon occurrence not discovery. "Despite the CT Page 5197 existence in other states of statutes of limitations applicable to unfair trade practices establishing a limitation period in bringing an action that begins after discovery of the violation, our legislature has failed to create such an option for victims of CUTPA violations in this state." Fichera v. Mine HillCorporation, 207 Conn. 204, 216 (1988); Cassidento v. Mathis,
Doc. No. 94-0537124 (Htfd/N.B)(1/24/96). The count as alleged is time barred under C.G.S. § 42-110g(f).
Accordingly, in viewing the allegations in a light most favorable to the defendant, the court finds that the allegations of the Third Count of the counterclaim do not set forth a sufficient cause of action under C.G.S. 42-110a et seq. The Motion to Strike is granted as to Count Three of the Counterclaim.
Alexandra Davis DiPentima, Judge