[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an unusual case. On June 24, 1997, a suit was filed by the plaintiffs against the defendant River Bend Campground for injuries incurred on July 2, 1995 on the defendant's property.
On November 17, 1997, the defendant filed an apportionment complaint naming Christopher and Kathleen Kiley along with others as apportionment defendants. This complaint was filed within 120 days of the return date specified in the plaintiffs' complaint (§ 52-102(b)(a)) though otherwise beyond two years from the date when the injuries occurred.
The "apportionment complaint" had a return date of December 23, 1997 and, on January 30, 1998, the plaintiffs filed and served another pleading which was entitled "Apportionment Complaint" also naming the Kileys as apportionment defendants as the defendant, River Bend had done.
At the conclusion of the plaintiffs' own self-characterized "apportionment complaint", the following paragraph appeared:
 Wherefore, the Plaintiffs ask that if the finder of fact considers the actions and/or omissions of Apportionment Defendants and assigns to them their proportional share of liability in this action pursuant to Connecticut General Statutes Section 52-572h and CT Page 10823 Public Act 95-111. Further, that the Apportionment Defendant be liable to the plaintiff in the same manner as they are liable to the Defendant, River Bend.
There is no other claim for relief set forth in the complaint.
The apportionment defendants, Christopher and Kathleen Kiley, then filed a motion to strike the plaintiffs' apportionment complaint directed against them. The court granted this motion on the grounds that this pleading was duplicative in that the Kileys were already apportionment defendants and that § 52-102(b)(a) explicitly says that the statutory section may be used as a vehicle for an apportionment claim under § 52-572(h) only as regards "a person not a party in the action." The original defendant had already brought the Kileys into the case and thus the Kileys were "part(ies) for all purposes." § 52-102(b)(a). Also, although the court must give the nonmoving party's pleading that inference which is most favorable, Amodio v.Cunningham, 182 Conn. 80, 82 (1980), the court cannot stretch the last sentence of the "claim for relief" here as a claim for money damages against the apportionment defendants. The sentence reads as follows:
 Further, that the Apportionment Defendants be liable in the same manner as they are liable to the defendant River Bend.
The apportionment defendants could not be liable to the defendant River Bend; they were brought into the case only for apportionment, so they cannot be, for example, a "liable defendant" for § 52-572(h) or (g) allocation purposes. Although the court understands every favorable inference must be given to the pleadings of a nonmoving party, cf. Salati v. Lucia, 4 Conn. Ops. 981 (1998), and the court has liberally interpreted that admonition, even this court has its limits. It cannot assume an affirmative claim for relief is made when not only is none explicitly asserted but, as here, the language of the pleading (here the "apportionment complaint") by its language nowhere indicated such a claim was intended to be made by the plaintiff.
All of this leads to the real issue before the court. The apportionment defendants were not initially sued by the plaintiffs. At the time River Bend's apportionment claim was filed, the statute of limitations had already run on the CT Page 10824 plaintiffs' ability to sue these apportionment defendants. But § 52-102(b) provides that "[n]otwithstanding any applicable statute of limitations . . . the plaintiff may within sixty days assert any claim against the apportionment defendant." Here, the plaintiff, as indicated, within the sixty day period only and perhaps inadvertently filed what the court has decided is an "apportionment complaint." This was stricken but the plaintiff now says that under our rules (P.B. § 10-44) it can amend its pleading within fifteen days, has done so and now asserts an affirmative claim in what is styled as a "Revised Cross Claim" for money damages against these same apportionment defendants, the Kileys. Should the plaintiffs be allowed to amend their pleadings in this way, although more than sixty days has run from the filing of the apportionment complaint by the defendant? The Kiley's say no and have filed a motion to strike.
The answer would appear to lie in an analysis of the subsections of § 52-102(b). First, it should be noted that according to Stephenson in Vol. I of Connecticut Civil Procedure
(2d ed.), § 117, page 479: "Where a right is created by a statute which prescribes the time within which the action must be brought, with no provision for tolling, the complaint must show that the action was started in proper time. . . Consequently, when the limitation period is `built in,' failure to bring suit in proper time is a demurrable defect." (Citing DeMartino v.Sieman, 90 Conn. 527, 528 (1916). As Stephenson later notes, the sustaining of a demurrer may operate as a final determination of the controversy — without the right to file a new pleading — because, for example, it is barred by the running of the statute of limitations. See § 119, pp. 489-490. It would seem to follow as a matter of logic that if an appropriate "claim" is not made within the statutorily prescribed limitation period, then the rule permitting a party to plead over within 15 days would not be operative.
Thus, subsection (d) of § 52-102(b) states:
 "Notwithstanding any applicable statute of limitation or repose, the plaintiff may within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." (Emphasis added.)
CT Page 10825
In the subsection (g) of § 52-102(b), the first sentence reads as follows:
 In no event shall any proportionate share of negligence determined pursuant to subsection (f) of 52-572h
attributable to an apportionment defendant against whom the plaintiff did not assert a claim be reallocated under subsection (g) of said section.
The legislature knew quite well how to distinguish between a "claim" for damages and the assertion of apportionment rights. The point is that the court has already determined that the first complaint against the Kileys was styled as and was in fact an "apportionment" complaint and did not make a "claim" against them for § 52-102(b)(d) purposes. Such a claim has only been asserted in the plaintiffs' revised cross claim which was filed beyond the sixty day period from the date that the defendant filed an apportionment complaint against the Kileys. Therefore, the appropriate "claim" was not made within the time period of subsection (d) and the plaintiffs cannot plead over under P.B. § 10-44 from what was a legal nullity for subsection (d) purposes, i.e., their original apportionment claim against the Kileys. The plead over provisions of § 10-44 on motions to strike now and at common law must operate with the understanding that legally viable pleadings have to be filed in response to any motion to strike.
This second motion to strike the Revised Cross Claim is granted.
Corradino, J.