[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT THREE OF REVISED COMPLAINT
The defendants, Wheelabrator Technologies, Inc. and Riley Energy Systems of Lisbon Corporation, have moved to strike the third count of the revised complaint dated November 30, 2000, in which the plaintiffs have alleged conversion of a quantity of sand and gravel that they allege the defendants wrongfully removed from their property and devoted to their own use. The sole ground for the motion to strike is the defendants' position that the statute of limitation has expired on the claim because the plaintiffs allege that the material was removed from the plaintiffs' property in 1994, more than three years before suit was commenced.
The appellate courts have ruled that a motion to strike a claim may be granted in recognition of the running of the statute of limitation only in limited circumstances:
 The first is when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72 (1956). The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone."
Forbes v. Ballaro, 31 Conn. App. 235, 239-40 (1993), citing DeMartino v.Siemon, 90 Conn. 527, 528-29 (1916).
The defendants note that this court granted a motion to strike a conversion claim that the defendant claimed was barred by the statute of CT Page 2121 limitation in SCP Corporation v. BankBoston, Superior Court, judicial district of Waterbury, Docket No. X01-CV980116198 (March 18, 1999). In that case, the plaintiff had chosen to anticipate the statute of limitation defense and had pleaded the only facts on which it relied to avoid the operation of the statutory bar. This court treated that circumstance as an instance of the first category of cases in which the appellate courts have approved adjudication upon a motion to strike.
The present plaintiffs assert that they have not attempted to allege in their complaint the facts upon which they will rely if the defendants file a special defense raising the statute of limitation. Accordingly, the merit of such a defense cannot properly be adjudicated upon a motion to strike, as the plaintiffs would be deprived of their opportunity to plead in a reply to the factual allegations of the special defense the facts that support whatever tolling doctrines the plaintiffs allege to be applicable to the statute of limitation defense.
Conclusion
The motion to strike Count Three of the revised complaint is denied.
Beverly J. Hodgson Judge of the Superior Court