MAC'S CAR CITY, INC. *v.* NICHOLAS E. DENIGRIS ET AL.
(6996)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued March 9—decision released May 30, 1989

*Alexandra Davis,* for the appellant (plaintiff).

*Joseph F. Skelley, Jr.,* with whom, on the brief, was *Alan Wein,* for the appellees (defendant).

STOUGHTON, J. The plaintiff appeals the trial court's granting of summary judgment in favor of the defendants.[1] The plaintiff contends that the trial court improperly rendered summary judgment on a ground not raised in the pleadings.

---

[1] The plaintiff's complaint was brought in two counts. The plaintiff conceded that its second count, which alleged a cause of action based upon negligence, was barred by General Statutes § 52-577. This claim, therefore, is not at issue on this appeal.

On November 7, 1986, the plaintiff brought an action against the named defendant, an attorney, and his law firm. In its first count, the plaintiff alleged, inter alia, that on or about July 28, 1980, the American National Bank brought suit against it for the amount due on a promissory note. It was alleged that between July 28, 1980, and August 5, 1980, the plaintiff's president, John McCall, had met with the named defendant and had retained the defendants to represent Mac's Car City, Inc., in the law suit, and that the defendants had agreed to do so. On or about August 6, 1980, the defendant law firm entered an appearance on behalf of the plaintiff in the suit brought by American Savings Bank. The plaintiff alleged that the defendants failed to defend the bank's lawsuit and that on October 14, 1980, a default for failure to plead was entered against the plaintiff. The plaintiff alleged that the named defendant failed to take any action to open the default, that on December 1, 1980, the trial court rendered judgment in favor of American Savings Bank in the total amount of $22,765.75, and that the named defendant failed to take any action to open or set aside the judgment. Paragraphs nineteen and twenty of the first count of the complaint read as follows:

"19. The defendants breached their representation agreement with the plaintiff in that they did not defend the suit brought by American Savings Bank, they did not seek to obtain the release of the attachment on the plaintiff's property, and they did not timely seek to recover the plaintiff's losses from American Savings Bank.

"20. As a result of the defendants' breach of agreement, the plaintiff suffered the losses set forth in paragraph 15 above and is no longer able to recover these losses from American Savings Bank as well as treble damages in accordance with C.G.S. § 52-568."

The defendants' amended answer denied paragraphs nineteen and twenty, and, by way of special defenses, alleged that they were retained for a limited purpose, and that the first count was barred by General Statutes § 52-581.[2]

On April 7, 1988, the trial court granted the defendants' motion for summary judgment. The trial court stated: "In this case, the plaintiff's claim is based upon the alleged breach of a professional standard of care, not the breach of a contract. Unequivocally, the plaintiff's cause of action, if any, accrued on December 1, 1980; therefore, the plaintiff's claim is barred by the applicable statute of limitations, General Statutes (Rev. to 1987) § 52-577. Accordingly, defendants' motion for summary judgment is granted."

The plaintiff claims that the trial court erred in applying General Statutes § 52-577 to bar the cause of action alleged in its complaint. The defendants have presented, as an alternate ground upon which the judgment may be affirmed, the claim that the cause of action is barred by General Statutes § 52-581, as alleged in their special defense.

I

A statute of limitations defense must be specially pleaded. Practice Book § 164. General Statutes § 52-577 is a procedural statute and is waived if not pleaded. *Orticelli* v. *Powers*, 197 Conn. 9, 15–16, 495 A.2d 1023 (1985); *L.G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 513, 356 A.2d 144 (1975). "In deciding a motion for summary judgment, the trial

---

[2] General Statutes § 52-581 provides in pertinent part: "ACTION ON ORAL CONTRACT TO BE BROUGHT WITHIN THREE YEARS. (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues."

court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." *Orticelli* v. *Powers,* supra, 15. Since the defendants did not plead General Statutes § 52-577 as a defense to the first count of the complaint, it was error for a trial court to raise it sua sponte to bar the first count of the complaint. See id., 16–17.

## II

Summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; *Yanow* v. *Teal Industries, Inc.* 178 Conn. 262, 268, 422 A.2d 311 (1979). Interpretation of the pleadings is a question of law. *Cahill* v. *Board of Education,* 198 Conn. 229, 236, 502 A.2d 410 (1985); *Sauerwein* v. *Bell,* 17 Conn. App. 697, 702, 556 A.2d 613 (1989).

Although the complaint does not expressly use the word "contract," a fair and reasonable construction of the phrase "the defendants breached their representation agreement" clearly states a claim in contract. See *Fuessenich* v. *DiNardo,* 195 Conn. 144, 150–51, 487 A.2d 514 (1985).

The trial court stated the issue in the case to be whether a plaintiff in a legal malpractice action could rely on an alleged breach of contract in order to extend the statute of limitations. It further stated that the question to be decided was "whether the breach of contract claim is viable."

The trial court based its decision to render summary judgment on the premise that, under our decision in *Shuster* v. *Buckley,* 5 Conn. App. 473, 500 A.2d 240 (1985), a claim against an attorney, even though couched in the language of contract, is actually a claim

of malpractice and therefore controlled by the three year statute of limitations for actions founded upon tort. That case, however, does not stand for the proposition that all claims against attorneys must necessarily be construed as tort claims. In *Shuster* v. *Buckley,* supra, 478, we found that the tort statute of limitations applied because the complaint in question was couched in the language of tort rather than contract. Our Supreme Court has recognized an action in contract against an attorney. See *Stowe* v. *Smith,* 184 Conn. 194, 198–99, 141 A.2d 81 (1981); see also *Robbins* v. *McGuinness,* 178 Conn. 258, 261–62, 423 A.2d 897 (1979).

A physician may be subject to a claim for breach of contract arising from an agreement to perform professional services; see *Bria* v. *St. Joseph's Hospital,* 153 Conn. 626, 220 A.2d 29 (1966); and there seems to be no reason for treating claims against attorneys differently. It was error to apply the tort statute of limitations to the plaintiff's claim in contract. "Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it." *Perzanowski* v. *New Britain,* 183 Conn. 504, 506, 440 A.2d 763 (1981).

### III

The defendants have presented as an alternative ground for affirming the judgment their claim that the cause of action alleged in the first count of the complaint is barred by General Statutes § 52-581.

It cannot be determined from the record whether the plaintiff had fully performed his obligation under the contract or whether this was an executory contract. See *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 248–49, 365 A.2d 1153 (1976). Therefore, summary judgment based upon General Statutes § 52-581 is inappropriate because there is a genuine

issue as to whether this statute is applicable. This question must be resolved by further proceedings. See *Esposito* v. *Wethered,* 4 Conn. App. 641, 644, 496 A.2d 222 (1985).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.