[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE
The plaintiff, Claude A. Littlejohn, filed a CT Page 7152 one-count complaint on October 25, 1990 against the defendant, Jane Johnson. In his complaint, the plaintiff alleges that he was injured when he was struck by an automobile while working as a flagman employed by the State of Connecticut. Specifically, the plaintiff alleges that at the time of the accident, he was signalling for cars to stop. The plaintiff alleges that two cars, driven by Pasquale P. Tine and Isabel Willbecker respectively, stopped, but the defendant Johnson did not stop her car and rear-ended Tine's car. In turn, the plaintiff alleges further, Tine's car rear-ended Willbecker's car which in turn struck the plaintiff's car and caused him injury.
The State of Connecticut, the plaintiff's employer, filed a motion to intervene as plaintiff on February 11, 1991, which was granted by the court, Teller, J., on February 19, 1991.
The defendant filed an answer to the plaintiff's complaint on August 22, 1991. Thereafter, the defendant filed a motion to cite in Pasquale P. Tine, another of the drivers involved in the accident, which was granted by the court, Teller, J. Thereafter, the defendant filed a third party complaint against the third party defendant, Pasquale P. Tine, alleging he was negligent and seeking apportionment and contribution.
The third party defendant filed a motion to strike the third party plaintiff's complaint, together with a memorandum of law, on the ground that the complaint is barred by the statute of limitations, General Statutes 52-584.
The third party plaintiff filed a memorandum of law in opposition to the third party defendant's motion to strike.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). When ruling on a motion to strike, the court may not look to facts outside the pleadings. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 415 A.2d 771 (1979).
 A claim that an action is barred by the lapse of the statute of CT Page 7153 limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). The `advantage of the statute of limitations cannot be taken by [a motion to strike]. . . .' O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897).
Forbes v. Ballaro, 31 Conn. App. 235, 239, ___ A.2d ___ (1993).
However, there are three exceptions where a court has allowed the use of a motion to strike to raise a statute of limitations to a claim. One is where the statute of limitations is embodied in the statute that creates the right of action. Forbes, supra, 240. Another instance is where the parties agree that the complaint sets forth all the facts necessary to decide the statute of limitations issue. Forbes, supra, 239. The third is when a plaintiff anticipates a statute of limitations defense and seeks to avoid its effect by appropriate allegations in the complaint. See Morrisette v. Archambault, 31 Conn. Sup. 302, 303 (1974).
As the instant case does not involve any of the exceptions recognized, the court denies the third party defendant's motion to strike.
Teller, J.