[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION TO REARGUE #227
Defendant's counsel requests this court to reconsider its decision of CT Page 1621 January 13, 1994, based on the argument that summary judgment is not available on a special defense. While this is certainly a viable argument in a proper case, counsel for the defendant/third party plaintiff apparently has a fundamental misunderstanding about basic pleading and procedure under the Practice Book. In the present case the third party defendant is moving for summary judgment on the third party plaintiff's complaint, not on its own properly pleaded special defenses. The case cited by counsel is therefore inapposite, since it involved a plaintiff moving for summary judgment on a defendant's special defense. Conlam v. Heritage Kitchens, Ltd. 6 Conn. Law Rptr. 406 (1992). The third party defendant is required under Practice Book 164 to plead both the Statute of Limitations and governmental immunity as special defenses, before they can be raised in a summary judgment motion. See Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 528, 559 A.2d 712 (1989), cert. denied, 212 Conn. 807,563 A.2d 1356 (1989). The third party defendant's motion for summary judgment was therefore a proper method to attack the legal sufficiency of the third party complaint in the present case, as stated in the Court's earlier decision.
JOHN WALSH, J.