[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action brought by the Commissioner of Labor on behalf of twenty workers seeking damages for unpaid wages from the defendants, Eppoliti, Inc., Marcia Eppoliti and Edgardo Eppoliti. The defendants now move to strike portions of the first, second and third counts of the complaint on the ground that the statute of limitations bars the claims of all but four of the complainants. In Forbes v. Ballero, 31 Conn. App. 235,239 (1993) our Appellate Court stated:
 A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528, 559 A.2d 713 (1989). The "advantage of the statute of limitations cannot be taken by [a motion to CT Page 4045 strike] . . . [T]he objection to this mode of pleading is that it raises no issue" and "deprives the plaintiff of the opportunity to reply a new promise, or an acknowledgement." O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897). A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense.
That decision pointed out two limited exceptions to the prohibition against raising the statute of limitations in a motion to strike: (1) when the parties have agreed that all the facts necessary to rule on the statute of limitations defense are present in the complaint, and (2) where the statute provides a right of action that did not exist at common law. Id., 239-40. Since neither exception seems to apply in the present case, defendants' motion to strike is an inappropriate vehicle to raise the defense of statute of limitations.
Motion to Strike denied.
Wagner, J.