[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff filed this third party work place injury action against the defendants, Cutler Glass Co., Richard P. Richman and Ellen S. Richman ("Richmans"), on July 20, 1993. The Richmans, to date, have filed no responsive pleadings or special defenses. On October 11, 1994, the Richmans filed a motion for summary judgment asserting that plaintiff's action against them is barred by the exclusivity provisions of the workers' compensation scheme, General Statutes, Sec. 31-284(a). The plaintiff filed a memorandum in opposition on November 10, 1994.
In Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814 (1991), the Supreme Court held "that a claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Connecticut Practice Book, Sec. 164 requires the defendants to specifically plead their special defenses before they can move for summary judgment on them. See, e.g., Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528-29, 559 A.2d 712 (1989), cert. denied, 212 Conn. 807,563 A.2d 1356 (1989) (where the defendant failed to plead the Statute of Limitations as a special defense, the court held it was inappropriate to grant summary judgment on that basis). CT Page 11956
Since the Richmans have not pled the special defense of exclusivity, their motion for summary judgment is denied.
Leheny, J.