[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
The plaintiff, Marie Manson, the administratrix of the estate of Ella Cubbage, filed a one count complaint dated November 10, 1994, against the defendant, Mr. Coffee, Inc. (Mr. Coffee). Service of process was made on November 16, 1994.
The plaintiff alleges that the decedent died on February 19, 1991, as a result of a fire in her apartment caused by a Mr. Coffee coffee maker. The plaintiff alleges that the defendant is a "product seller" under General Statutes § 52-572m(a) and liable under § 52-572m et seq. The plaintiff alleges that the coffee maker was "defective and unreasonably dangerous and could not be used without reasonable [sic] risk of injury and damage." The plaintiff alleges that the defendant failed to warn or CT Page 5145 instruct that the product was dangerous and failed to provide notice that the product had dangerous propensities. The plaintiff alleges that the defendant was negligent under General Statutes § 52-572m(a) for inadequate testing of the product; for the product's defective design; because the defendant knew or should have known of the product's dangerous characteristics; and for maintaining a "fuse system in the said drip coffee maker which, if working appropriately would have shut off the coffee machine when there was overheating and the said fuse system did not shut the system down when the coffee maker overheated." The plaintiff further alleges that the defendant breached an implied warranty of merchantability and that the product was not altered or modified by Manson or Cubbage in any way from the condition in which it was designed or sold by the defendant.
On December 29, 1994, the defendant filed a motion for summary judgment and a memorandum in support. On January 17, 1995, the plaintiff filed an "Objection To Defendant's Motion For Summary Judgment Dated December 27, 1994." On February 10, 1995, the defendant filed a "Reply Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment."
LEGAL DISCUSSION
The defendant moves for summary judgment on the ground that the "plaintiff did not commence this wrongful death action within two years of the plaintiff's decedent's death, as required by Conn. Gen. Stat. § 52-555. Because the action is barred by virtue of the substantive and jurisdictional limitation in the statute, the defendant is entitled to judgment as a matter of law." The defendant argues in its memorandum in support that General Statutes § 52-555 governs "all actions brought for wrongful death" and imposes a two year statute of limitations on these actions. The defendant argues that the two year limit is substantive and jurisdictional — and, therefore, that it cannot be waived.
The plaintiff counters that the action is brought under the Product Liability Act and the appropriate statute of limitations is the three years found under General Statutes § 52-572m-r. The plaintiff argues that the products liability statute of limitations applies because a products liability claim "`shall be in lieu of all other claims against product sellers.'. . . General Statute[s] section 52-572n." CT Page 5146
The present action is the second suit filed for the same cause of action.[1] The Estate of Ella Cubbage initially brought an action by filing a complaint on February 10, 1994, for Cubbage's death on February 19, 1991. The plaintiff in the present case explains that the original action was brought by an incorrect plaintiff — the Estate of Ella Cubbage. The plaintiff argues that a proper plaintiff — Marie Manson, Administratrix of the Estate of Ella Cubbage — brought the present action. The plaintiff argues that the original action was timely under the products liability statute of limitation. The plaintiff maintains that "[i]n the court's decision dated June 9, 1994 and released July 8, 1994 the Court granted summary judgment in favor of the Defendant as to the First Count of the Complaint because it found that the plaintiff did not have standing to bring the action." (Plaintiff's Memorandum in Opposition, p. 2.) The plaintiff argues that the "original action was commenced on February 10, 1994 and the plaintiff's new action was brought on November 10, 1994, all of which was within the statute of limitation because C.G.S. 52-592 extends the statute of limitation for one year from the determination of the original action as long as the original action was timely." (Plaintiff's Memorandum in Opposition, p. 3.) The plaintiff argues that the accidental failure of suit statute applies and that "this new action was brought within the additional one year period provided by" General Statutes §52-592. (Plaintiff's Memorandum in Opposition, p. 10.)
The defendant argues in its reply memorandum that the original suit is pending against it as to "the remaining plaintiffs, Marie Manson and Connecticut Insurance Placement Facility." (Defendant's Reply Memorandum, p. 2, n. 1.) The defendant counters that the plaintiff "raises a new issue, not evident in the Complaint, that the accidental failure of suit statute, Conn. Gen. § 52-592(a), saves her wrongful death claim." (Defendant's Reply Memorandum, p. 1.) The defendant argues that the accidental failure of suit statute cannot save a suit that initially was brought improperly, as was this suit. The defendant argues that the substantive and jurisdictional limits of the wrongful death statute of limitations take precedence over the procedural limit set by the products liability statute.
"No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, . . . the statute of CT Page 5147 limitations . . . must be specially pleaded." Practice Book § 164. The party relying on the statute of limitations must so specially plead. Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,528, 559 A.2d 712 (1989), cert. denied, 212 Conn. 807,563 A.2d 1356 (1989). "This has long been a well established concept in this State." Verner v. Petrie, 3 Conn. L. Rptr. 37, 38 (December 18, 1990, Fuller, J.). Specifically pleading the statute of limitations is a prerequisite to moving for summary judgment. Hansen v. New Haven Legal Assistance Association, Inc.,
Superior Court, judicial district of New Haven, Docket No. 34 75 00 (January 27, 1994, Hartmere, J.).
While the Practice Book no longer requires the pleadings to be closed for a party to file a motion for summary judgment, "a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion." Id., quoting Engman v. Laschever, 9 Conn. L. Rptr. 312, 313 (June 28, 1993, Hennessey, J.); see also Mascia v. Faulkner, 9 CSCR 565,566 (June 6, 1994, Fracasse, J.).
Here, the defendant did not specially plead the statute of limitations and is unable to avail itself of the statute of limitations argument in its motion for summary judgment. Accordingly, the defendant's motion for summary judgment must be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion For Summary Judgment (#102) is denied.
So ordered.
Michael Hartmere Judge of the Superior Court