[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
This case arises out of a collision on September 1, 1989, between a car owned by the plaintiff, Christopher Dolnack, and a train owned and operated by the defendants, Metro-North Commuter Railroad (Metro-North), Consolidated Rail Corporation (Conrail) and Peter O'Hara. Dolnack commenced this action by service of a complaint on February 4, 1991, one year and four months after the date of the accident. An amended complaint was filed by Dolnack on March 20, 1991.
On January 3, 1992, Metro-North filed its answer with special defenses, alleging that: (1) Dolnack was comparatively negligent; (2) Dolnack's claim is "preempted by federal law pursuant to the Rail Safety Act of 1970"; and (3) Dolnack's claim is time-barred "by the limitations provision of § 1276 of the New York Public Authorities Law." Metro-North did not plead the special defense of sovereign immunity.
On September 25, 1992, Metro-North filed a motion for summary judgment on the ground that "the plaintiff failed to comply with the applicable statute of limitations," referring to § 1276 of the New York Public Authorities Law. The motion was granted by the court, Fuller, J., without oral argument on November 6, 1992. Dolnack moved for reargument, since a copy of his opposition papers had not originally been included in the court file. CT Page 12533
On January 13, 1993, upon reconsideration, the court reaffirmed its granting of summary judgment to Metro-North on the ground that "Metro-North is entitled to judgment as a matter of law on the statute of limitations defense. . . ." Dolnack v.Metro-North Commuter Railroad, Superior Court, Judicial District of Danbury at Danbury, Docket No. 304620 (January 13, 1993, Fuller, J.).
Thereafter, Dolnack appealed to the Appellate Court, which reversed the decision of the Superior Court. Dolnack v.Metro-North Commuter Railroad, 33 Conn. App. 832, 639 A.2d 530 (1994). The Appellate Court found that the trial court improperly granted summary judgment for Metro-North since the court "failed to make a threshold determination as to whether, as a matter of law, the defendant was entitled to claim sovereign immunity in this state." Id., 835. The Appellate Court then listed a number of factors which the court could consider in making such a determination. Id., 836-37. In accordance with the decision of the Appellate Court, the court, Moraghan, J., denied Metro-North's motion for summary judgment. Dolnack v. Metro-NorthCommuter Railroad, Superior Court, Judicial District of Danbury, Docket No. 304620 (April 21, 1994, Moraghan, J.).
On January 5, 1995, Metro-North filed a renewed motion for summary judgment on the grounds that (1) Dolnack "failed to comply with the applicable Statute of Limitations"; and (2) "this action is barred . . . by sovereign immunity." In its accompanying memorandum of law, Metro-North argued that it has made the factual showing required by the Appellate Court that entitles it to sovereign immunity. The motion consists of two alternative arguments, which may be summarized as follows.
Metro-North first argues that it is entitled to sovereign immunity as a matter of New York law. New York Public Authorities Law § 1276(2) provides that suits against the Metropolitan Transit Authority (MTA) must be brought within one year from the date the cause of action accrued. See N.Y. Pub. Auth. Law § 1276 (Consol. 1988 Supp. 1994). If an action is not brought within that time period, the MTA is immune from suit. N.Y. Pub. Auth. Law § 1276 (Consol. 1988 Supp. 1994). Metro-North claims that as a "wholly owned public benefit subsidiary corporation" of the MTA, it performs an "essential governmental function" for New York State, and thus, is entitled to the same immunity as the MTA when an action is not commenced within one year from the date of accrual. CT Page 12534
Because Metro-North believes that it is entitled to sovereign immunity in New York, it argues that Connecticut state courts should recognize this immunity on three alternative grounds. First, Metro-North claims that using a conflict of laws analysis, New York law — specifically, § 1276 of the New York Public Authorities Law — should apply to this case.
Alternatively, Metro-North argues that under the full faith and credit clause of the United States constitution, Connecticut must give effect to § 1276 of the New York Public Authorities Law. Finally, Metro-North argues that under the doctrine of comity, Connecticut should "extend sovereign immunity to Metro-North consistent with the New York statute. . . ."
The second prong of Metro-North's argument is that it is entitled to sovereign immunity under Connecticut law. Metro-North contends that it is essentially "an instrumentality of the State of Connecticut." Metro-North states that "this action . . . is, in effect, against the State of Connecticut because a majority of any settlement or judgment against Metro-North will be paid by the State of Connecticut." In essence, Metro-North claims that it meets the Appellate Court's required showing for sovereign immunity because "a judgment for the plaintiff could operate to subject the State of Connecticut to liability."
In response, Dolnack argues that even if Metro-North would be entitled to sovereign immunity in New York, neither the full faith and credit clause nor the doctrine of comity require the court to apply New York law in this action. Dolnack further argues that a proper conflict of laws analysis does not support Metro-North's proposition that New York law applies in this case. Finally, Dolnack argues that Metro-North has not demonstrated under the guidelines provided by the Appellate Court that it is entitled to sovereign immunity as an instrumentality of the State of Connecticut. Dolnack points out that the basis of Metro-North's assertion that "a majority of any settlement or judgment against Metro-North will be paid by the State of Connecticut" is an affidavit by Walter Zullig, who is Metro North's corporate counsel. Dolnack argues that this assertion by Mr. Zullig is an insufficient basis on which to grant summary judgment, since it does not comply with the requirement of Practice Book § 381, mandating that affidavits be made on the basis of personal knowledge. CT Page 12535
Summary judgment should be granted where "the pleadings, affidavits and any other proof submitted show that there is no genuine issue . . . [of] material fact and that the moving party is entitled to judgment as a matter of law." Lees v. MiddlesexIns. Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994). Although the parties have not raised any disputed issues of fact, the court must still determine whether Metro North is entitled to judgment as a matter of law.
Pursuant to § 1276 of the New York Public Authorities Law, Metro-North may be entitled to sovereign immunity in New York where suit is not brought within one year of the accrual of a cause of action. However, the issue need not be decided here since the issue of sovereign immunity is not properly before this court.
The Connecticut Supreme Court has recognized that the defense of sovereign immunity must be specially plead. Gauvin v. NewHaven, 187 Conn. 180, 184-54, 445 A.2d 1 (1982); ConnecticutPharmaceutical Assn. Inc. v. Milano, 191 Conn. 555 n. 2,468 A.2d 1230 (1983). In its answer to the complaint, Metro-North asserted the special defense of "statute of limitations," but did not raise the defense of sovereign immunity. Thus, the court could deny the motion on those grounds alone. See Mac's Car City, Inc.v. DeNigris, 18 Conn. App. 525, 528-29, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989) (holding that it is inappropriate to grant summary judgment on Statute of Limitations grounds where the issue was not raised as a special defense);O'Conner v. Cutler Glass Co., Superior Court, Judicial District of Danbury, Docket No. 314181 (November 30, 1994, Leheny, J.) (holding that where Workers' Compensation exclusivity was not raised as a special defense, summary judgment could not be granted on those grounds).
In addition, the Supreme Court has recently reaffirmed the principle that "summary judgment is not well suited to the disposal of complex cases." Miller v. United Technologies Corp.,233 Conn. 732, 752, ___ A.2d ___ (1995). Metro-North has asserted two alternative theories as to why it believes it is entitled to sovereign immunity, each of which requires the court to examine the nature of Metro-North's involvement with the States of New York and Connecticut, respectively, and one of which requires the court to launch into an analysis of the sub-issues of conflict of laws, full faith and credit, and the doctrine of comity. In short, the issues presented in this motion are of an extremely CT Page 12536 complex nature, and are not well suited for disposal by a summary judgment motion. See Aurdal v. Metro-North Commuter Railroad,
Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 101719 (October 25, 1993, Lewis, J.). For these reasons, Metro-North's motion for summary judgment is denied.
Stodolink, J.