[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs bring this action in three counts, against Attorney Nicholas L. Marien. The first count is a count in negligence arising out of an August 11, 1988 representation of the sellers of property. The second count is in breach of contract arising out of the defendant's alleged representation of the plaintiffs in the sale of said property. The third count is a CUTPA claim arising out of the claimed business relationship between the plaintiffs and the defendant, concerning the defendant's alleged legal representation of the plaintiffs as pertains to this transaction.
The defendant moves for summary judgment. The essence of the plaintiffs' claim is that in representing the plaintiffs in selling the property to one Mr. Wechsler the defendant should have informed the plaintiffs that although Mr. Wechsler agreed to assume the promissory note which the plaintiffs owed to one Mr. Vigil the defendant should have informed the plaintiffs that Mr. Vigil, though agreeing to allow the note to be assumed by Mr. Wechsler did not agree to and did not release the plaintiffs from their obligations on the note. Mr. Wechsler defaulted on the note. Mr. Vigil foreclosed the mortgage given to secure the note.
It is not set out in the pleadings in this case as to whether the plaintiffs were made parties to the foreclosure action as makers of the note.
In any event the plaintiffs substantive claim is that Attorney Marien should have advised them that the assumption of the mortgage by Mr. Wechsler did not effectuate a release of the plaintiffs as concerns the obligation to Mr. Vigil on the note. Mr. Vigil has since sued the plaintiffs to collect the balance CT Page 9580 owing on the note after Mr. Vigil's foreclosure.
The defendant moves for summary judgment.
 I.
The defendant claims that General Statutes § 52-577, the three year negligence statute of limitations bars the plaintiffs' negligence claim. The defendant counters that General Statutes § 52-595, Fraudulent Concealment of Cause of Action, extends the statute of limitations to commence "at the time when the person entitled to sue thereon first discovers its existence." The plaintiffs claim that they did not know that they were not released on the note until January 6, 1993, when they were sued by Mr. Vigil on the note. They commenced suit on October 3, 1993, within three years from January 6, 1993. It is a question of fact as to whether there was a fraudulent concealment of the cause of action, and further, if so, as to the date when the plaintiffs first knew of the existence of the alleged cause of action. The motion for summary judgment on the first alleged basis, Connecticut General Statutes § 52-577, the three year statute of limitations is denied.
 II.
The second claim of the defendant directs itself to the second count of the complaint, breach of contract. The defendant claims that he did not have a contract with the plaintiffs. The defendant claims that he dealt only with a Mr. Yellin who was acting on behalf of the partnership of whom the plaintiffs and Mr. Yellin were partners, Mr. Yellin being the "managing partner of Evergreen Associates."
The defendant contends that because he dealt only with Mr. Yellin, and that Mr. Yellin did not request that he or the other partners be released from their obligations on the note, that if there was a contract his only duty would be to Mr. Yellin. The court finds this argument to be unpersuasive. If there was a contract to represent the partnership, it was at least arguably a contract to represent the partners. Further the question of whether the contract of representation inherently includes an agreement to advise the partners as to the legal effect of an assumption of the note without a release of the obligors, is a question of fact which cannot be decided by this court in the format of a motion for summary judgment. See Mac's Car City, Inc.CT Page 9581v. DeNigris, 18 Conn. App. 525, 530 (1989).
The motion for summary judgment is denied.
L. Paul Sullivan, J.