[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff, an attorney, seeks the recovery of his fee of $6,666.66 which he alleges that he earned as a result of the settlement of the defendant Jenkins' case against a third party tortfeasor. The settlement, which was for the tortfeasor's full insurance policy of $20,000, was to be split on a "one-third, one-third, one-third" basis between Jenkins, Moss and the defendant Connecticut Hospital Association Workers' Compensation Trust ("CHAWCT"), which was the workers' compensation carrier for Jenkins' employer.
The fourth count of the complaint alleges that CHAWCT violated the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42a-110 et seq., by failing to pay the agreed sum of $6,666.66 to the plaintiff. The pleadings suggest that the tortfeasor's insurer sent the settlement check directly to CHAWCT, which, instead of sending the fee to Moss, merely deducted its own third and gave Jenkins the balance. The only CT Page 6680 count against CHAWCT is this CUTPA claim.
CHAWCT has now moved to strike the fourth count of the complaint on two grounds. The first is that the plaintiff has failed to state a claim for relief under the Connecticut Unfair Trade Practices Act, and the second is that the plaintiff's claim is barred by the statute of limitations.
As to the first issue, the facts as alleged simply do not arise to a demonstration that CHAWCT's conduct were "immoral, unethical, oppressive, unscrupulous or offensive to public policy", see, e.g., Joseph v. Hannan Agency Inc., 1997 W. L. 15424 (Conn.Super. 1997) nor is there any indication that "the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." Quimbyv. Kimberly Clark Corp. 28 Conn. App. 660, 672 (1992). While CHAWCT's conduct might have been in breach of its agreement with the plaintiff, the plaintiff has simply not alleged sufficient facts to bring it within the ambit of CUTPA.
As to the statute of limitations claim, the better practice is to raise such an issue by special defense. Mac's CarCity Inc. v. Denigris, 18 Conn. App. 525, 528 (1988). There is no reason to deviate from that rule here.
Because the fourth count of the complaint fails, as a matter of law, to state CUTPA claim for which relief may be granted, CHAWCT's motion to strike that count is granted.
Jonathan E. Silbert, Judge