[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Roger Anstey (Anstey), moves for summary judgment as to both counts of the plaintiffs' two count complaint, which was filed on February 9, 2000. In count one of its complaint, the plaintiffs, Merit Group, Inc. and Jeffrey B. Carrington, (collectively Merit), alleges that Anstey breached his agreement with Merit to provide legal services CT Page 14269 related to a merger. In count two, Merit alleges that Anstey was negligent in providing legal services related to the merger of Merit with another corporation, Environmental Management Strategies (EMS) On March 13, 2000, Anstey filed an answer and two special defenses, in which he asserts that Merit's claims are barred by the applicable statutes of limitation, General Statutes § 52-577[1] and General Statutes § 52-581.[2] On April 7, 2000, Merit filed a reply and matter in avoidance.
On April 27, 2001, Anstey filed his motion for summary judgment on the ground that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law because Merit's claims are barred by the applicable statutes of limitation.[3] The motion is accompanied by a supporting memorandum of law and Anstey's affidavit. Merit filed a memorandum in opposition to the motion on May 11, 2001, which is accompanied by the affidavit of Jeffrey Carrington, Merit's sole shareholder.
"[Summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Connecticut recognizes that an action against an attorney can lie in both contract and tort. Krawczyk v. Stingle, 208 Conn. 239, 245, 543 A.2d 733
(1988); Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 529-30,559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). Anstey's motion will be considered as to each count of the complaint.
 I
In count one of its complaint, Merit alleges that Anstey breached his agreement to provide legal services when he failed to complete the legal services for which Merit engaged him.[4] Anstey argues that Merit's breach of contract claim is barred by the three year statute of limitations contained in General Statutes § 52-581. In its objection to Anstey's motion for summary judgment, Merit argues that Anstey raises a genuine issue of material fact as to whether Anstey completed his services under the oral agreement.
There are two Connecticut statutes of limitation governing oral contracts. The first, General Statutes § 52-581, imposes a three year limitation on actions brought on executory oral contracts. Tierney v.American Urban Corp., 170 Conn. 243, 248-49, 365 A.2d 1153 (1976). The second, General Statutes § 52-576, imposes a six year limitation on CT Page 14270 actions brought on all other oral contracts. Id.
In the affidavit accompanying his motion for summary judgment, Anstey attests that he was retained by Jeffrey Carrington, of Merit, and David Kuhnke, of EMS, for the limited purpose of preparing documents of incorporation. Anstey further attests that he completed the documents on September 12, 1995 and gave them to Carrington and Kuhnke to file with the secretary of state. In his opposing affidavit, Carrington attests that Anstey did not complete the services for which he was contracted to perform. Carrington further attests that, because Anstey failed to complete the legal services related to the merger of Merit and EMS, Merit suffered significant loss when a dispute arose between the two companies, which resulted in litigation. The parties do not dispute that Anstey was engaged on or about September 12, 1995. The present action was commenced by service of process on January 31, 2000.[5]
The limitations period under General Statutes § 52-581 applies to Merit's claim that the contract was not completed, while the limitations period under § 52-576 applies to Anstey's claim that he completed his services. The parties present conflicting evidence as to whether the alleged contract was an oral executory contract or a contract that was fully performed. Accordingly, there is a genuine issue of material fact as to the terms of the parties' contract and whether the contract was fully performed. Thus, it cannot be determined, on this motion, whether General Statutes § 52-581 or § 52-576 applies to this claim. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). Therefore, summary judgment based on General Statutes § 52-581
is inappropriate because there is a genuine issue as to whether that statute applies. Connecticut Bank Trust, Co., N.A. v. Reckert,33 Conn. App. 702, 714, 638 A.2d 44. Accordingly, Anstey's motion for summary judgment as to count one is denied.
 II
In count two, Merit alleges that Anstey failed to exercise due care, skill and diligence in performing legal services for Merit. Anstey moves for summary judgment on count two on the basis that Merit's claim is barred by the general tort statute of limitations, General Statutes § 52-577. In the affidavit accompanying Anstey's motion, he attests that he completed preparation of the certificate of incorporation, appointment of statutory agent for service and first biennial report of Merit Group, Inc. on September 12, 1995. (Defendant's affidavit, ¶ 9.) In the affidavit accompanying Merit's opposition, Jeffrey Carrington, Merit's sole shareholder, attests that Anstey prepared a CT Page 14271 certificate of incorporation, organization and first biennial report, as well as appointed a statutory agent for service of process on September 12, 1995. (Plaintiff's affidavit, ¶ 5.) Carrington further attests that he was not aware that Anstey considered his services to be complete as of September 12, 1995. (Plaintiff's affidavit, ¶ 10.)
Although Merit commenced a similar action against Anstey in September, 1997, it voluntarily withdrew the action in January, 2000. (Plaintiff's Reply and Matters in Avoidance to first special defense, ¶¶ 6-8.) Merit commenced the present action on January 31, 2000. Thus, the court must first determine whether there is a statute that tolls the relevant statutes of limitation of Merit's claims in counts one and two.
As Anstey argues in support of his motion, Merit fails to allege sufficient facts in its matter of avoidance to toll the three year statute of limitations in either General Statutes § 52-581 or §52-577 under the fraudulent concealment doctrine, the continuing course of conduct doctrine or the accidental failure of suit statute, General Statutes § 52-592. In opposition to the motion, Merit argues that General Statutes § 52-592, the accidental failure of suit statute, tolls the relevant statutes of limitation. As is discussed above, there is a genuine issue of material fact as to which of the statutes of limitation applies to Merit's breach of contract claim, so the motion is denied am to count one.
General Statutes § 52-592 provides: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
The issue raised by Merit's matter in avoidance is whether voluntary withdrawal of a suit constitutes failure to be tried on its merits for "any matter of form" under § 52-592 (a). "[W]e have held that §52-592 (a) affords no relief in cases in which a plaintiff's prior action was dismissed because the plaintiff withdrew it voluntarily . . ." (Citation omitted.) Ruddock v. Burrowes, 243 Conn. 569, 577, 706 A.2d 967
(1998). Thus, because Merit voluntarily withdrew its original action against the defendant and commenced anew the present action, General Statutes § 52-592 fails to toll the relevant statutes of limitation. The general tort statute of limitations, General Statutes § 52-577, CT Page 14272 therefore bars Merit from bringing its claim for negligence in count two. For this reason, Anstey's motion for summary judgment as to count two is granted.
The Court
By
Moran, J.