[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE DEFENDANTS' MOTION TO STRIKE COUNTS ONE AND TWO OF THE PLAINTIFF'S COMPLAINT #102
Presently before the court is the defendants' motion to strike counts one and two of the plaintiffs complaint. At issue is whether an action may be brought for breach of contract against attorneys without alleging that a specific or express promise was breached and when it is based on the same allegations as separate counts of negligence within the same complaint.
 FACTS
On October 4, 2000, the plaintiff Charles P. Ouellette, filed a four-count complaint against the defendants, the law firm of Embry and Neusner and attorney Eric J. Land. Counts one and two allege a breach of contract by each defendant in separate counts. Counts three and four are based on the same allegations, but separately allege negligence by each defendant. The plaintiff alleges in counts one and two of the complaint that "Embry and Land agreed to provide legal services, to counsel, advise and to prosecute Ouellette's claims for benefits as provided for under the [Connecticut Workers' Compensation] Act . . . for any and all compensation available including, but not limited to, payment of damages for injuries sustained by Ouellette and for subsequent medical treatment, lost wages and any permanent partial disability related to the motor vehicle accident on August 18, 1995." The plaintiff further alleges in counts one and two eleven separate instances in which each defendant breached its agreement with the plaintiff.[1]
On December 8, 2000, the defendants filed a motion to strike counts one CT Page 8050 and two of the complaint on the ground that neither states a recognized cause of action for breach of contract against attorneys. Specifically, the defendants maintain that neither count alleges a breach of a specific or express promise. As required by Practice Book § 10-42, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a [defendants'] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001).
The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
In their memorandum of law, the defendants concede that an attorney may be subject to a claim for breach of contract. They further concede that a contract existed between themselves and the plaintiff The defendants argue, however, that in order to bring a breach of contract claim, the plaintiff must specifically allege an express agreement and breach of that agreement in the complaint. In opposition, the plaintiff argues that he has "properly alleged facts that show the existence of a contract for legal services between himself and the defendants and that the defendants breached that contract."
"Our Supreme Court has recognized an action in contract against an attorney." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530,559 A.2d 712, cert. denied, 212 Conn. 807 (1989), citing Stowe v. Smith,184 Conn. 194, 198-199, 441 A.2d 81 (1981). "The Supreme Court has not [however] . . . limited the right to claim in contract to situations in CT Page 8051 which the contract is a guarantee of a particular result." Fontanella v.Chrysler Corp., Superior Court, judicial district of New Haven, Docket No. CV 94 0364764 (April 18, 1996, Hodgson, J.) (16 Conn.L.Rptr. 489), aff'd on other grounds, 60 Conn. App. 903, 759 A.2d 1056 (2000).
In Westport Bank Trust Co. v. Corcoran, Mallin and Aresco, the Supreme Court decided the merits of the case, which contained counts separately alleging breach of contract and legal malpractice, based on the "actual language of the pleadings." Westport Bank Trust Co. v.Corcoran, Mallin and Aresco, 221 Conn. 490, 494, n. 5, 605 A.2d 862
(1992). The Court found that the "allegations, . . . clearly alleged, in count one, a breach of direct attorney-client contract, and in count three, the tort of legal malpractice by an attorney with respect to his client." Id. Likewise, in Mac's Car City, Inc. v. DeNigris, supra,18 Conn. App. 529,[2] the Appellate Court did not require an allegation that a specific or express promise was breached when it held that "[a]lthough the complaint does not expressly use the word `contract,' a fair and reasonable construction of the phrase `the defendants breached their representation agreement' clearly states a claim in contract."
"The key elements of a breach of contract action are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." McHenry v. Lubell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 97 0346842 (August 2, 2001, Skolnick, J.). Here, it is undisputed that a contract for legal services existed between the plaintiff and the defendants. The plaintiff has alleged in counts separate from his negligence counts that a representation agreement existed, he settled his workers' compensation claim through representation by the defendants and that the defendants failed to act in accordance with the agreement, thereby breaching the contract. The plaintiff further alleges that as a result of the defendants' breach of contract, he has incurred and will continue to incur damages. The plaintiff has alleged sufficient facts to support each element of a breach of contract claim against the defendants in counts one and two of the complaint.
The defendants next argue that because counts one and two allege precisely the same facts as the negligence claims in counts three and four, counts one and two are merely malpractice claims, not claims in contract, and should therefore be stricken. The plaintiff argues that if negligence and breach of contract claims are alleged in separate counts in the complaint, both may appropriately be brought, even if based on the same allegations and facts.
"Practice Book [§ 10-21] allows a complaint to include separate claims in contract and tort arising out of the same transaction." BarnettCT Page 8052Motor Transp. Co. v. Cummins Diesel Engines of Conn., Inc.,162 Conn. 59. 62, 291 A.2d 234 (1971). The Connecticut courts have held that "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both." Stowe v. Smith, supra, 184 Conn. 199; see Dean v. Hershowitz,119 Conn. 398, 410, 177 A. 262 (1935); Welty v. Criscio, Superior Court, judicial district of New Haven, Docket No. CV __ 426110 (May 16, 2000,Blue, J.); Mayer v. Gammill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 970342234 (January 21, 1999,Nadeau, J.) (23 Conn.L.Rptr. 686). Moreover, "[i]n legal malpractice actions, a plaintiff [is] permitted to include a negligence count and a breach of contract count in the same suit based on the same allegations."Mayer v. Gammill,, supra, Superior Court, Docket No. CV 970342234; accordDeleon v. Fonda, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 97 0059096 (April 2, 1998, Ripley, J.T.R.). Accordingly, despite the fact that counts one and two of the complaint allege precisely the same conduct as the negligence claims in counts three and four, they may appropriately be brought.
Looking to the language of the complaint in the light most favorable to the nonmovant, the plaintiff has adequately set forth facts in counts one and two sufficient to support a cause of action in contract as to both defendants. The defendants' motion to strike counts one and two of the complaint is denied.
 ___________________ D. Michael Hurley, Judge Trial Referee