[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant, Michael Mansi has filed a motion to strike paragraph 7 of the First Count of the plaintiff's Revised Complaint arguing that it seeks redress for acts that a barred by General Statutes § 52-577. which provides for a three year statute of limitation on actions founded upon a tort. Pursuant to Practice Book § 10-42(a), the defendant has filed a memorandum of law citing the legal authorities upon which the motion relies. The plaintiff has not filed a memorandum of law in objection as required by Practice Book § 10-42(b).
Practice Book § 10-39 reads in pertinent part as follows:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, that party may do so by filing a motion to strike the contested pleading or part thereof.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority, CT Page 11486208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982).
Ordinarily a claim that an action is barred by the lapse of the statute of limitations must be pleaded by a special defense and not raised by a motion to strike. Practice Book § 10-50; Mac's Car City, Inc. v.DiNigris, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). A motion to strike may be used to raise the defense of the statute of limitations when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations.Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814
(1956).
Paragraph 7 of the First Count of the Revised Complaint states, "On information and belief the thefts commenced on October 21, 1992 and continued until the defendant, Mansi, was caught in the act in February, 1998." The plaintiff's original complaint is dated October 21, 1998 and carries a return date of November 24, 1998. The sheriff's return of service indicates that abode service was effectuated on the defendant Mansi on October 23, 1998 and in hand service was effectuated on the defendant Pepperidge Farm, Inc. on the same date.
The defendant Mansi argues that the court should strike all allegations pertaining to acts prior to October 21, 1995. However the court only has before it the allegations stated in paragraph 7 of the First Count. That paragraph does not set forth specific dates of the defendant's alleged misconduct, and the court cannot speculate as to what acts referred to occurred before or after October 21, 1995. The court's only concern on the motion to strike is whether, the complaint, interpreted in a manner CT Page 11487 most favorable to the plaintiff, sets forth a cognizable cause of action, as a matter of law.
The court finds that the plaintiff has set forth sufficient facts within paragraph 7 of the First Count of the Revised Complaint to bring the action within the three year statute of limitation as set forth in General Statute § 52-577, for the purposes of this motion to strike.
Therefore, the motion to strike is hereby denied.
The Court
by Arnold, J. CT Page 11488